UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

**FILED**
**NOV 0 3 2005**
CLERK

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| JOHN PAUL WINTERS,<br><br>Petitioner,<br><br>-vs-<br><br>DOUGLAS WEBER,<br>Warden, SD State Penitentiary,<br><br>Respondent. | CIV 05-4020<br><br>ORDER DENYING<br>MOTION FOR APPOINTMENT OF<br>COUNSEL |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Pending is Petitioner's Motion for Appointment of Counsel (Doc. 19). Petitioner requests counsel because he has no legal experience or knowledge.

This habeas corpus matter is pending pursuant to 28 U.S.C. § 2254. "There is no recognized constitutional right under the Sixth Amendment for the appointment of counsel in habeas corpus cases." Hoggard v. Purkett, 29 F.3d 469, 471 (8th Cir. 1994). Because a habeas action is civil in nature, the Sixth Amendment right to counsel applicable in criminal proceedings does not apply. Id.

The statutory basis for the appointment of counsel in a habeas case is found at 18 U.S.C. § 3006A(a)(2)(B) and Rules 6(a) & 8( c), Rules Governing Section 2254 Cases in United States District Courts, 28 U.S.C. foll. § 2254. Those statutes provide in relevant part:

> **18 U.S.C. § 3006A(a)(2)(B):**
>
> (2) Whenever the United States magistrate judge or the court determines that the interests of justice so require, representation may be provided for any financially eligible person who—
> \*\*
> (B) is seeking relief under section 2241, 2254, or 2255 of title 28
>
> **Rule 6(a):**
> If necessary for effective discovery, the judge must appoint an attorney for a petitioner who qualifies to have counsel appointed under 18 U.S.C. § 3006A.

> **Rule 8( c):**
> If an evidentiary hearing is warranted, the judge must appoint an attorney to represent a petitioner who qualifies to have counsel appointed under 18 U.S.C. § 3006A. . . . These rules do not limit the appointment of counsel under § 3006A at any stage of the proceeding.

The appointment of counsel in a habeas case is discretionary when no evidentiary hearing is necessary. Hoggard, 29 F.3d at 471 (citations omitted). In this case, no evidentiary hearing is necessary, because the claims Petitioner makes here are identical to those he made at the state court level, where an evidentiary hearing was held. Transcripts will be provided to the Court from those proceedings.

"In exercising its discretion, the district court should consider the legal complexity of the case, the factual complexity of the case, and the petitioner's ability to investigate and present his claims, along with any other relevant factors." Id. Most importantly, "where the issues involved can be properly resolved on the basis of the state court record, a district court does not abuse its discretion in denying a request for court-appointed counsel."

Petitioner claims his trial counsel was ineffective in three ways: (1) failure to call a ballistics expert; (2) failure to object to certain cross-examination by the prosecutor; and (3) failure to object to late disclosure of a video tape which was introduced into evidence at trial. These claims are straight forward and not legally nor factually complex. Petitioner has demonstrated his ability to present them in his pro-se petition. The issues can be resolved on the basis of the state court record which has been, or shortly will be provided to this Court.

For these reasons, Petitioner's Motion for Appointment of Counsel is DENIED.

Dated this 3rd day of November, 2005.

BY THE COURT:

_John Simko_
John E. Simko
United States Magistrate Judge

ATTEST:

JOSEPH HAAS, CLERK

BY: _Shelly Margnuis_
(SEAL) DEPUTY

2